UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO.: 4:21−CR−00456 |
| | § | |
| v | § | Honorable Keith P Ellison |
| | § | |
| CURTIS SANDEL | § | |

### MOTION FOR PRETRIAL PRODUCTION OF EVIDENCE ADMISSIBLE TO ATTACK THE CREDIBILITY OF CO-CONSPIRATOR DECLARANTS NOT TO BE CALLED AS WITNESSES

Defendant, by and through counsel, pursuant to Rule 806 of the Federal Rules of Evidence and the Government's constitutional Brady obligations, moves the Court for an Order requiring the prosecution to produce all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants.

In this case, the Government most likely will seek to admit statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence. When any such statement is received in evidence, "the credibility of the declarant of may be attacked . . . by any evidence which would be admissible for those purposes if the declarant had testified at trial." FRE 806.

This request is made separate and apart from any request for reports of interviews or statements made by prospective prosecution witnesses, which are producible as Jencks material. Defendant's request is grounded on the government's constitutional obligations to disclose exculpatory information, including impeachment material, to the defendant.

The warning words of the Supreme Court in *United States v. Agurs*, 427 U.S. 97, 106 (1976), are appropriate in this context:

> Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming

materiality exists, it is reasonable to require the prosecutor to respond. . . . When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.

The defense, especially an indigent defendant, unlike the government, does not have the ability to call upon resources such as the Federal Bureau of Investigation. Locating and interviewing witnesses can be a frustrating and time-consuming process. When trial is underway, the defense has a very limited number of hours outside the courtroom to devote to other matters. Most of that time is normally consumed with trial preparation for the following day. Furthermore, even when clients have adequate resources, and Defendant does not, investigators are not always automatically available to investigate and follow up on information provided mid trial.

Consequently, the type of information requested in this motion is such that effective use cannot be made of it unless there has been pretrial disclosure. It is essential and constitutionally necessary that the government disclose pretrial the information requested in this motion.

WHEREFORE, for the foregoing reasons and any others which may appear to the Court, Defendant requests the Court to grant the relief sought herein.

Respectfully Submitted,

/s/ JoAnne Musick
JoAnne Musick
Attorney for Defendant
State Bar No. 24000371
Federal Admission No. 36104
2219 Sawdust Rd, Suite 201
Spring, Texas 77380
Phone  832-448-1148
Fax    832-448-1147

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, a true and correct copy of the above and foregoing **MOTION FOR DISCOVERY** was forwarded to all counsel of record via ECF or by electronic mail from the Clerk of the Court.

/s/ JoAnne Musick  
JoAnne Musick

## CERTIFICATE OF CONFERENCE

I hereby certify that as of August 1, 2025, I have been unable to reach AUSA Jill Stotts regarding this particular motion. Counsel's father has been in the hospital and in ICU for 3 weeks and Counsel was unable to contact the government. Counsel will work diligently to contact the government and update the Court as soon as possible as to the government's position. Until then, the Court should consider this motion opposed.

/s/ JoAnne Musick  
JoAnne Musick